IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARTHUR N WRIGHT,

    Plaintiff,
v.                                                      CASE NO. 4:17-cv-463-WS-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a 27-page handwritten Complaint, motion for leave to proceed as a pauper, motion for injunctive relief, and motion for extension of time. ECF Nos. 1, 2, 3, 4. The Complaint stems from the conditions of confinement at Wakulla CI, Charlotte CI, and Tomoka CI. ECF No. 1. Plaintiff is currently confined at Tomoka CI, which is located within the Middle District of Florida.

Although Plaintiff's allegations are rambling, in essence he is challenging alleged abuses or misconduct relating to prison authorities' handling of inmate grievances, mail, and access to court, at the three named DOC prisons where he has been confined. *See* ECF No. 1 at 16-20.

Plaintiff failed to use the Court's forms for prisoner civil rights

complaints. Pursuant to Fla. N.D. Local Rule 5.7(A), Plaintiff must use the Court's prisoner civil rights complaint form and the Court "need not–and ordinarily will not–consider a . . . complaint that is not filed on the proper form." Further, Plaintiff's motion to proceed as a pauper is deficient because Plaintiff failed to file a prisoner consent and financial certificate, together with a certified copy of his inmate account statement for the six-month period preceding the filing of the Complaint. The Court struck Plaintiff's motion for an injunction as facially deficient, and ordered Plaintiff to file an amended complaint on the Court's form, a prisoner consent and financial certificate, and his inmate account statement. Plaintiff was ordered to comply on or before November 20, 2017. ECF No. 6. Plaintiff was afforded an extension of time until December 22, 2017, to comply. ECF No. 9.

As of this date, Plaintiff has failed to comply. Instead, Plaintiff filed a motion for a further extension of the time to submit his account statement, alleging interference by prison officials. ECF No. 11. This motion is due to be denied because the Court has determined that Plaintiff is barred from bringing this case as a pauper pursuant to the 28 U.S.C. § 1015(g) three-strikes bar.

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Wright v. DOC*, Case No. 6:03-cv-283-ACC (M.D. Fla. June 6, 2003) (dismissing complaint for failure to state a claim); *Wright v. DOC*, Case No. 03-13560-B (11th Cir. 10/23/03) (dismissing appeal as frivolous); *Wright v. DOC*, Case No. 1:96-cv-1586-DMM (S.D. Fla. 8/13/97)( dismissing case for failure to state a claim). The Court has confirmed that the Plaintiff in these prior cases is the same as this case, having DOC inmate #039308. Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct

evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Even liberally construed, the allegations of the complaint do not suggest that Plaintiff can satisfy the "imminent danger" standard with respect to his current conditions of confinement at Tomoka CI. To the extent that Plaintiff believes he could satisfy that standard, any complaint regarding Tomoka CI must be filed in the Middle District of Florida.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis

must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore **ORDERED** that the motion for extension of time, ECF No. 11, is **DENIED.**

It is respectfully **RECOMMENDED** that leave to proceed as a pauper should be denied and this case **DISMISSED** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 21st day of December 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**