IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARTHUR N WRIGHT,

    Plaintiff,
v.                                                CASE NO. 4:17-cv-463-WS-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a 27-page handwritten Complaint, motion for leave to proceed as a pauper, motion for injunctive relief, and motion for extension of time. ECF Nos. 1, 2, 3, 4. The Complaint stems from the conditions of confinement at Wakulla CI, Charlotte CI, and Tomoka CI. ECF No. 1. At the time the Complaint was filed, Plaintiff was confined at Tomoka CI, which is located within the Middle District of Florida. He is presently confined at Jefferson CI. The Complaint alleged abuses or misconduct relating to prison authorities' handling of inmate grievances, mail, and access to court, at three DOC prisons where he has been confined. *See* ECF No. 1 at 16-20.

The Court determined that Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or

appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  ECF No. 12.  The Court further determined that Plaintiff's complaint did not satisfy the "imminent danger" exception to the three-strikes bar.  *Id.*  The Court therefore recommended that the case be dismissed pursuant to the three-strikes bar.  *Id.*  Plaintiff failed to object, and the case was dismissed.  Judgment was entered on January 22, 2018.  ECF No. 16.

Plaintiff then filed an untimely objection, construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.  ECF No. 17.  The presiding district judge denied the motion on February 6, 2018.  ECF No. 18.

This case is now before the Court on Plaintiff's "motion for sanctions and/or writ of prohibition pursuant to renewal of jurisdiction", ECF No. 19; "motion for extraordinary writ to reopen or re-visit, pursuant to falsification of the Plaintiff's pleadings and confirmed evidence of imminent danger," ECF No. 20; and "emergency motion for in-camera inspection via telephonic hearing", ECF No. 21.  These motions have been referred to the undersigned and are construed, collectively, as motions for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding based

on mistake, newly discovered evidence, fraud, the judgment is void, the judgment has been satisfied, released or discharged, or any other reason that justifies relief.

In this case, Plaintiff's motions identify no grounds that justify relief from the judgment of dismissal entered more than ten months ago. Plaintiff's motions do not establish that the Court erred in determining that he is subject to the three-strikes bar and that his allegations failed to satisfy the imminent-danger exception. Plaintiff's motions at least in part concern events subsequent to the filing of this case. See ECF Nos. 19, 20, 21. To the extent that Plaintiff believes he can state a claim for relief with respect to his current conditions of confinement and can satisfy the imminent-danger exception to the three-strikes bar, the Court's judgment of dismissal does not preclude Plaintiff from initiating another civil rights case. See ECF No. 16.

It is therefore respectfully **RECOMMENDED** that Plaintiff's motions, ECF Nos. 19, 20, and 21, construed as motions for relief from judgment pursuant to Fed. R. Civ. P. 60(b), be **DENIED**.

**IN CHAMBERS** this 31st day of October 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**